(2) That the claimant lawfully acquired the property.

(3) That it was not unlawfully used or possessed....

42 Pa.C.S. § 6802(j).

Thus, notice and opportunity to be heard are integral to forfeiture proceedings. See generally *In re Commonwealth, $803 Cash, U.S. Currency,* 403 Pa.Super. 526, 589 A.2d 735 (1991); *Commonwealth v. $1,800 U.S. Currency,* 679 A.2d 275 (Pa.Cmwlth. 1996). In the present case, after the Commonwealth presented evidence that the $100 seized from Mosley constituted proceeds of an illegal drug transaction, Mosley was entitled to respond with evidence to the contrary. He was, however, through his absence at the hearing denied an opportunity to respond. Mosley's decision to forgo attendance at the hearing was made without notice that there was going to be a statutory forfeiture proceeding. Further, because his answers to the interrogatories were provided *prior* to the Commonwealth's oral motion for forfeiture, it cannot be said that the interrogatories served as his response.

Hence, the order of the Commonwealth Court affirming the forfeiture of property must be vacated, and the case must be remanded to the court of common pleas to afford Mosley notice and an opportunity to respond to the Commonwealth's evidence.

Order vacated, and case remanded.

NEWMAN, J., did not participate in the consideration or decision of this case.

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Louis SHAFFER, Petitioner.**

Supreme Court of Pennsylvania.

Dec. 2, 1997.

*ORDER*

PER CURIAM.

AND NOW, this 2nd day of December, 1997, the petition for allowance of appeal is granted, limited to the issue of whether the amendment of the Pennsylvania Corrupt Organizations statute obviates the fact that when the criminal conduct occurred the Act did not apply to a wholly illegitimate drug conspiracy.